OPINION OF THE COURT
John R Tenney, J.
Defendant operates a hairstyling salon. As part of the service offered to customers, the salon has a "tanning bed” available on a fee basis. Plaintiff purchased a package of 12 *838 tanning sessions. She alleges that after the fourth tanning session she sustained severe burns resulting from defendant’s negligence.
At the time that she purchased the package, plaintiff read and executed a consent form which included the following statement: "[I] hereby authorize and direct [defendant] to administer such tanning process and perform such tanning procedures as may be deemed necessary or advisable, and I hereby relieve them and hold them harmless from all liability for injury or damage that may occur to me.” At the examination before trial she testified that she understood the hold harmless provision to mean that "it’s not their fault if anything should happen”.
Defendant has now moved for summary judgment based upon its second affirmative defense of release and discharge. Plaintiff has cross-moved for judgment dismissing the second affirmative defense on the ground that the release is void as against public policy under section 5-326 of the General Obligations Law.
The motion for summary judgment is denied. The required analysis was set forth in Gross v Sweet (49 NY2d 102, 107): "[T]he law’s reluctance to enforce exculpatory provisions of this nature has resulted in the development of an exacting standard by which courts measure their validity. So, it has been repeatedly emphasized that unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for his own negligent acts * * * Put another way, it must appear plainly and precisely that the 'limitation of liability extends to negligence or other fault of the party attempting to shed his ordinary responsibility’ (Howard v Handler Bros. & Winell, 279 App Div 72, 75-76, affd 303 NY 990).” Although the cases do not require use of the word negligence in the disclaimer, something more than a general statement of nonliability is required. For example, a release from " 'any and all responsibility or liability of any nature whatsoever for any loss of property or personal injury occurring on this trip’ ” was held to be insufficiently specific to bar a claim for negligence. (Kaufman v American Youth Hostels, 5 NY2d 1016, 1017, modfg 6 AD2d 223, 228, 229.) The wording of the disclaimer in this case is quite similar, but it cannot be said as a matter of law that it is invalid.
Plaintiff has also cross-moved to dismiss the defendant’s *839 second affirmative defense of release as void under General Obligations Law § 5-326. That section states, in part, that disclaimers based upon negligence are void as against public policy when made between a customer and "owner or operator of any pool, gymnasium, place of amusement or recreation, or similar establishment”. (Emphasis supplied.)
There are few cases interpreting the scope of the phrase "place of amusement or recreation, or similar establishment” (see, e.g., Gross v Sweet, supra [parachuting school held educational and not covered]; Meier v Ma-Do Bars, 106 AD2d 143 [mechanical rodeo bull, in a bar, held to be within the scope of the statute]; Gaskey v Vollertsen, 110 AD2d 1066 [motor speedway held to be within the scope of the statute]).
Section 5-326 is one of several statutes in title 3 of article 5 of the General Obligations Law which voids exculpatory clauses in particular business contexts (§ 5-321 [landlords]; § 5-323 [building service or maintenance contractors]; § 5-322.1 [building owners and contractors]; § 5-324 [architects, engineers and surveyors]; § 5-325 [garages and parking places]).
The Legislature did not intend to invalidate all exculpatory clauses. It has identified specific "problem” areas and enacted specific legislation in each case. These statutes should be construed narrowly.
A hairstyling salon with a tanning bed is not "similar” to a place of entertainment or recreation. The tanning bed may be considered part of the cosmetic service supplied by the defendant. Thus, a properly drafted exculpatory clause would not necessarily be void under the statute. Thus, the cross motion to dismiss the defense is denied.